# EXHIBIT A

# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is made by and between, on the one hand, LAZER SPOT, INC., on behalf of itself and its respective officers, employees, agents, directors, representatives, successors, assigns, affiliates, subsidiaries, parents, owners, and shareholders ("Lazer Spot") and, on the other hand, PATRICK BUSH, on behalf of himself and his respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Bush").

## RECITALS

WHEREAS, a dispute exists between Bush and Lazer Spot (the "Parties") arising out of or generally relating to Bush's employment with Lazer Spot;

WHEREAS, on November 16, 2021, Bush filed a lawsuit against Lazer Spot in the U.S. District Court for the Northern District of Georgia, entitled *Patrick Bush and Krashina McMillan v. Lazer Spot, Inc.*, Case No. 1:21-cv-04727-LMM (the "Lawsuit"), asserting violations of the Fair Labor Standards Act;

WHEREAS, Lazer Spot adamantly denies any wrongdoing with respect to Bush and maintains, among other things, that Bush was properly compensated under the FLSA and any applicable state wage and hour laws;

WHEREAS, the Parties mutually desire to resolve their dispute and avoid the significant time and expense associated with litigation of Bush's Lawsuit;

WHEREAS, in order to resolve all disputes and differences between the Parties, and to avoid the time and expense of continued litigation, the Parties are entering into this Agreement;

NOW, THEREFORE, in consideration of the promises contained herein, the Parties agree as follows

## AGREEMENT

1. **No Admission of Liability.** The Parties are entering into this Agreement for the sole purpose of avoiding the time and expense associated with litigation. This Agreement should not and will not be construed as an admission of liability or wrongdoing by any party.

2. **Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Bush in this Agreement, Lazer Spot agrees to pay to Bush the total amount of ELEVEN THOUSAND DOLLARS AND ZERO CENTS. The settlement amounts ("Settlement Payments") shall be provided as follows:

    a. One check for $4,000.00 made payable to Bush's attorney, C. Ryan Morgan, representing amounts due in attorney's fees and costs by Bush to Morgan & Morgan, P.A. Lazer Spot will issue IRS Forms 1099 to Bush and Morgan & Morgan, P.A. in connection with this payment;

    b.    One check for $3,500.00 as payment for Bush's alleged unpaid overtime wages, made payable to Bush. Applicable statutory deductions, including federal income taxes and Social Security taxes, only in the amounts required by law, shall be withheld by Lazer Spot from this sum. Lazer Spot shall issue a Form W-2 to Bush in connection with this payment; and

    c.    One check for $3,500.00 as payment for Bush's alleged liquidated damages and/or interest on back wages, made payable to Bush. Lazer Spot shall issue a Form 1099 to Bush in connection with this payment.

3.    **Timing of Payment.**  Lazer Spot shall cause the consideration referenced in Paragraph 2 to be delivered to Bush's counsel within fifteen (15) days after completion of all of the following events: (i) Bush signs this agreement; (ii) the parties file the Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice with the Court ("Joint Motion"); (iii) the Court approves this Agreement and administratively closes the Lawsuit as provided in the Joint Motion; and (iv) Lazer Spot receives completed Forms W-9 from Bush and his counsel, and receives a completed Form W-4 from Bush.

4.    **Specific Release of FLSA Claims.** In exchange for and upon timely receipt of the payment set forth above, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Bush fully and completely waives, releases, and forever discharges Lazer Spot, and each of its predecessors; successors; all former, current, and future related companies, divisions, subsidiaries, affiliates, and parents; and collectively, its respective former, current, and future directors, officers, members, employees, agents, and representatives (collectively, the "Released Parties"), from claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") within the Northern District of Georgia, as well as all related claims for any other compensation, benefits, penalties, interest, liquidated damages, damage enhancements, attorneys' fees, costs, or expenses, that are or could have been asserted in the Lawsuit, relating back to the full extent of the applicable statutes of limitations under the FLSA. Bush fully and completely waives, releases, and forever discharges the Released Parties from all other claims including, but not limited to, all claims that the Released Parties:

    a.    failed to provide Bush with any minimum wage or overtime compensation, retaliated against him, or in any other way violated the FLSA.

5.    **Release of Unknown FLSA Claims.**  For the purpose of implementing a full and complete release, Bush expressly acknowledges that the release he gives in this Agreement is intended to include in its effect, without limitation, FLSA claims within the Northern District of Georgia that he did not know or suspect to exist at the time of execution hereof, regardless of whether the knowledge of such claims, or the facts upon which they might be based, would materially have affected the settlement of this matter, and that the consideration given under this Agreement is also for the release of those claims and contemplates the extinguishment of any such unknown claims.

6.    **Rights And Claims Excluded From Waiver And Release.**  This Agreement does not waive any rights that cannot be waived by law.

7. **Employment Relationship between the Parties.**  Bush agrees to relinquish any and all rights to employment with the Released Parties and to never knowingly seek or accept rehire or employment, either directly, through a temporary agency, or by any other method, with the Released Parties.  Bush agrees that the Released Parties shall have no obligation to engage his services in any capacity (*e.g.*, employee, contractor, temporary employee, or consultant) in the future and that any application or request for employment or work on a contract basis legitimately and lawfully may be denied solely based on Bush's breach of this provision of the Agreement.  Bush further agrees that, because of circumstances unique to him, he is not qualified for employment or work on any basis with the Released Parties now or in the future.  Bush agrees that if, at any time, he works for any of the Released Parties without first obtaining a written waiver of this provision by an executive officer of Lazer Spot, he will immediately resign employment with such Released Party when asked to do so by Lazer Spot.  Bush agrees never to sue or file a charge against any of the Released Parties for refusal to rehire and/or employ him and agrees to pay the associated attorneys' fees and costs incurred by any such Released Party that is required to defend a claim or charge based on its refusal to rehire Bush.

8. **Consideration of Agreement.**  The Parties represent and warrant that they have been encouraged to seek advice from anyone of their choosing, including their respective attorney(s), accountant(s), or tax advisor(s) prior to signing this Agreement; that this Agreement represents written notice that they do so; that they have been given the opportunity and sufficient time to seek such advice; that they have obtained advice from their counsel about the terms of this Agreement; that they have carefully read and fully understand all of the provisions of this Agreement; and that they are voluntarily entering into this Agreement.  Bush understands that he may take up to seven (7) days to consider whether or not he desires to enter into this Agreement.  Bush further represents and warrants that he was not coerced, threatened, or otherwise forced to sign this Agreement, and that his signature appearing hereinafter is genuine.

9. **Additional Agreements by Bush.**  Bush also acknowledges and agrees that:

   a. Upon receipt of the settlement payments, Bush has now been properly paid by Lazer Spot for all hours worked, including all hours worked in excess of forty (40) hours per week (and any liquidated damages stemming from any wage claim), in compliance with state and federal law;

   b. Bush is waiving his right to participate in any class or collective action against Lazer Spot.

10. **Knowing and Voluntary Waiver.**  The Parties acknowledge and agree that they are and have been represented by legal counsel throughout the dispute, and that they have had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning.  When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

11. **Nondisparagement.**  Bush agrees that he will not make any statements, either oral or written, or take any other actions that disparage or reflect negatively on Lazer Spot or any of the Released Parties, except as required by court order or otherwise by law.

3

82242216v.1

12. **Neutral Reference.** Except as required by applicable state and federal law, such as 49 C.F.R. § 391.23, Lazer Spot agrees to provide any inquiring current or future prospective employer of Bush only with information regarding: (a) Bush's dates of employment; (b) the last position held by Bush; and (c) Bush's final rate of pay. Bush agrees to direct any such inquiries to the Vice President of Human Resources and General Counsel of Lazer Spot, Inc., Rhonda Wilcox, at (678) 771-2617.

13. **Nonassistance.** Bush agrees that he shall not voluntarily assist, aid, encourage, or cooperate with any other person or entity in threatening, commencing, instituting, maintaining, litigating, or prosecuting any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands of any kind, nature, description, or character whatsoever against Lazer Spot, except as required by court order or otherwise by law.

14. **Miscellaneous.**

   a. **Choice of Law.** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Georgia regardless of whether any party is, or may hereafter be, a resident of another state.

   b. **Severability.** The Parties agree that if any phrase, clause, or provision of this Agreement is declared to be illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision in this Agreement is deemed to be unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If any waiver or release listed in Section 4 and/or 5 above is deemed illegal, invalid, or unenforceable, in whole or in part, the Agreement shall be null and void.

   c. **Entire Agreement.** Except as provided herein, this Agreement constitutes the entire agreement of the Parties concerning the subjects addressed in this Agreement. This Agreement may not be changed or altered, except in writing, signed by all Parties.

   d. **Captions.** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation of any part of this Agreement.

   e. **Counterparts.** The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed a single instrument.

   f. **Facsimile/Email Signatures.** Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

    g.    **Corporate Signatories.** Each person executing this Agreement, including execution on behalf of Lazer Spot, warrants and represents that such person has the authority to do so.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

5

82242216v.1

**PATRICK BUSH**

*Patrick Bush*

Date: 4/29/2022

6

82242216v.1

**LAZER SPOT, INC.**

By: Rhonda Wilcox McCurtain
DocuSigned by: *Rhonda Wilcox McCurtain*
FDE5A7CFDD9E490...

Title: General Counsel

Date: 5/10/2022

7